IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,
    Plaintiff,

vs.                                            Case No. 5:11cv288/MP/CJK

GREG PEEL, et al.,
    Defendants.

_____

ORDER and
REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion for leave to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint, the court concludes that plaintiff is barred under 42 U.S.C. § 1997e(e) from recovering the relief he seeks. Therefore, dismissal of this case is warranted. For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was an inmate of the Putnam County Jail at the time he initiated this action on July 31, 2011. (Doc. 1). He has since been released. (Doc. 4). His complaint names three defendants, all members of the Bay County Sheriff's Office: Captain Greg Peel, Deputy Sheriff Sam Denham and Deputy Sheriff Mark Sowell. (Doc. 1, p. 2). Plaintiff alleges that on April 10, 2008 while plaintiff was being

"falsely imprisoned on a exhausted sentence from Walton County," defendants Denham and Sowell, upon orders from defendant Peel, "slandered" plaintiff to Florida Department of Corrections' personnel "by making false violent statements while knowing full well that this would bring extreme hardship on [plaintiff's] person while being detained there." (*Id.*, pp. 5-6 ¶ 3). Plaintiff asserts that the "misconduct" led to "additional physical and mental injuries," but does not identify any physical injury caused by the alleged slander. Based on these allegations, plaintiff seeks to hold the defendants liable for "criminal conspiracy," false imprisonment and "slander" in violation of the Eighth Amendment. (*Id.*, p. 7). As relief, plaintiff seeks court costs, "general damages" in the amount of $150,000 and punitive damages in the amount of $350,000 "for pain & suffering, mental anguish & cruelty, intentional infliction of emotional distress, anxiety, nightmares, sleeplessness, ect [sic]." (*Id.*).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v.*

*Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff's claims are barred by 42 U.S.C. § 1997e(e).  The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit has concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of the pleadings that plaintiff was a

prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's claims for monetary compensation, which cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the defendants' alleged conduct, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused). The complaint identifies no physical injury arising from defendants' conduct, much less injury that is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"). Therefore, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 30th day of September, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).